UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:21-cr-215 (JBA) |
| | : | |
| v. | : | |
| | : | |
| KEVIN CURLEY | : | September 30, 2022 |

## UNITED STATES'S SENTENCING MEMORANDUM

The Government respectfully submits this memorandum in aid of sentencing in the above-captioned case.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Government agrees with the offense conduct and relevant conduct set forth in the Pre-Sentence Report ("PSR"). PSR ¶¶ 15-27. In summary, for over a year, from approximately July 2019 to August 2020, the defendant, Kevin Curley, accessed the dark web[1] to search for, receive, and view child pornography—that is images and videos depicting the sexual abuse of children. A forensic analysis of his computer revealed that Mr. Curley had received 157 unique images and 4 videos of child sex abuse material. Some of the material included horrific depictions of children in wrists and ankle restraints forced to engage in sexual acts with adults as well as depictions of adults attempting to vaginally penetrate female toddlers as young as one to two years old.

On October 8, 2020, Mr. Curley was arrested on a federal criminal complaint charging him with receipt and possession of child pornography. *See* Doc. Nos. 1, 7, 9. On December 7, 2021, a federal grand jury returned a two-count indictment charging Mr. Curley with the same offenses. *See* Doc. No. 65.

---

[1] The "dark web" refers to a "hidden" portion of the Internet, a collection of encrypted networks, that can be accessed only with specific software. The most commonly known dark web network is The Onion Router, otherwise known as TOR, which can only be accessed by downloading the TOR software. *See, e.g., McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 302 n.4 (2d Cir. 2021); *United States v. McLamb*, 880 F.3d 685, 686 (4th Cir. 2018); *United States v. Levin*, 874 F.3d 316, 319 (1st Cir. 2017).

On May 25, 2022, Mr. Curley entered a plea of guilty to Count One of the indictment, which charges him with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).[2] PSR. ¶ 1. He faces a mandatory minimum sentence of five years of imprisonment, a maximum sentence of 20 years of imprisonment, a term of supervised release of five years to life, a maximum fine of $250,000, a $100 mandatory special assessment pursuant to 18 U.S.C. § 3013, and up to $35,000 in additional assessments pursuant to 18 U.S.C. § 2259A.[3] PSR ¶¶ 88-97. In addition, pursuant to 18 U.S.C. § 2259, the Court must order Mr. Curley to pay restitution to his victims. PSR ¶ 100. In the plea agreement, Mr. Curley also agreed to forfeit his interest in his Dell computer, which he used to commit the offense.[4] *See* Plea Agreement at 3; PSR ¶ 102.

The PSR calculated Mr. Curley's total offense level under the Federal Sentencing Guidelines to be 29. PSR ¶¶ 32-45. The PSR determined that Mr. Curley has no criminal history, which places him in Criminal History Category I. PSR ¶¶ 47-50. As a result, the PSR concluded that Mr. Curley faces a Guidelines range of 87 to 108 months of imprisonment, a term of supervised release of five years to life, and a fine of $30,000 to $250,000. PSR ¶¶ 89, 92, 98.

The Government agrees with the Guidelines calculation in the PSR, which is the same calculation that the parties agreed to in the Plea Agreement. The Government also has no objections to the PSR.

---

[2] As set forth in the plea agreement, after sentencing the Government will move to dismiss Count Two of the indictment.

[3] At the time of Mr. Curley's plea, he potentially faced an additional assessment of $5,000 pursuant to 18 U.S.C. § 3014. That additional $5,000 assessment is only applicable if the Court finds that Mr. Curley is non-indigent. *See* 18 U.S.C. § 3014; PSR ¶ 96. However, as the PSR correctly notes, § 3014 expired on September 11, 2022. PSR ¶ 96. On September 16, 2022, the President signed Public Law No. 117-177, which briefly extended the § 3014 assessment through September 30, 2022. It is unknown if there will be any further extensions by the time Mr. Curley is sentenced. The Government will file a supplemental notice on the docket if it learns, prior to sentencing, that the § 3014 assessment has been further extended.

[4] The Government will separately file a motion for forfeiture.

II.     **DISCUSSION OF SENTENCING AND 3553(a) FACTORS**

The Government agrees with Mr. Curley that the Guidelines range in this case may be more than necessary to accomplish to goals of sentencing. Accordingly, the Government respectfully requests that the Court impose a non-Guidelines sentence of 60 months, which is the mandatory minimum, followed by a period of supervised release of at least five years. Such a sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, while also affording adequate deterrence to future criminal conduct, and it will take into account Mr. Curley's history and characteristics, including any mitigating circumstances.

In this case, Mr. Curley's offense was a very serious one. For over a year he searched for, received, and viewed images and videos depicting child sex abuse. He also saved some of those files on his computer. As some of the victim impact statements make clear, the trafficking of such images and videos profoundly impacts the children who are victimized in them. The Supreme Court has recognized:

> [P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.

*New York v. Ferber*, 458 U.S. 747, 759-60 & n.10 (1982); *see United States v. Sherman*, 268 F.3d 539, 547-48 (7th Cir. 2001) ("Although society at large is also a victim of these crimes, the primary, identifiable victim is the child portrayed, who must live with the knowledge that adults . . . can pull out a picture or watch a video that has recorded the abuse of that child at any time."). Although Mr. Curley did not create or distribute the child pornography that he received, his conduct nonetheless perpetuated the victimization of the children depicted in the images and videos each time he received them.

Mr. Curley is well-aware of the life-long impact that child sex abuse and the filming of such abuse has on a victim; Mr. Curley himself argues he committed the offense conduct here because he was motivated to find the images of himself that he believed were taken while he was sexually abused as a child. However, his claim that he was motivated to find images of his own abuse does not explain the entirety of his offense conduct. As noted in the PSR, the forensic analysis of his computer revealed that most of child pornography depicted prepubescent female victims, including toddlers. Aside from a passing reference in a footnote, Mr Curley's psychological evaluation does little to explain why he was viewing child pornography of female children engaged in sexual activity. *See* Def.'s Sentencing Mem., Ex. A at 45 n.1.

Accordingly, there is a need to protect the public from Mr. Curley and to deter him from engaging in such conduct in the future. This danger and need to protect the public warrants not only a sentence of imprisonment, but also a lengthy period of supervised release to ensure he does not return to this behavior after his release from prison. There is also a need for general deterrence and promoting respect for the law so that others are deterred from engaging in similar conduct.

The Government recognizes that Mr. Curley has no prior criminal history, and his childhood circumstances and his medical and mental health history, as described in his sentencing memorandum and accompanying psychological evaluation, should be considered as part of the Court's analysis of the Section 3553(a) factors. Accordingly, the Government respectfully asks the Court to impose the mandatory minimum sentence of five years of imprisonment followed by a period of supervised release of at least five years.[5]

---

[5] The Government has not addressed each ground for departure or variance raised by the defense. The Government's silence on these other grounds should not be construed as an agreement on their applicability. Given the Government's general agreement that a non-Guidelines sentence of 60 months is appropriate in light of the 3553(a) factors, the Government submits that argument on those additional grounds is not necessary. The Government does not dispute that, even if not used as a basis for a departure, the information supporting those grounds for departure can be considered by the Court under the 3553(a) factors.

### III. VICTIM NOTIFICATION AND RESTITUTION

The Government has notified identified victims who have not opted out of victim notification about the upcoming sentencing hearing and their rights under the Crime Victim Rights Act. As noted in the PSR, the Government has received victim impact statements from five of the identified victims and has provided those statements to the U.S. Probation Office. PSR ¶ 27. The Government understands that the Probation Office will be providing these statements to the Court. *Id.*

In addition, under 18 U.S.C. § 2259, a district court is required to award restitution to victims. In determining the amount of restitution, "the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B). In *Paroline v. United States*, 134 S. Ct. 1710 (2014), the Supreme Court identified seven factors a district court may consider that "bear on the relative causal significance of the defendant's conduct" in relation to the victims' losses: 1) "the number of past criminal defendants found to have contributed to the victim's general losses;" 2) "reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;" 3) "any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);" 4) "whether the defendant reproduced or distributed images of the victim;" 5) "whether the defendant had any connection to the initial production of the images;" 6) "how many images of the victim the defendant possessed;" 7) "and other facts relevant to the defendant's relative causal role." *Id.* at 1728.

To date, the Government has received two requests for restitution, which have been provided to the defense and the Probation Office. Pursuant to 18 U.S.C. § 3664(d)(5), the parties

intend to request that the Court set a restitution hearing for 90 days after sentencing to allow counsel to coordinate with the victims' counsel to see if agreement can be reached on restitution, and to fully brief the restitution issues if agreement cannot be reached. *See* 18 U.S.C. § 3664(d)(5) (providing that if identified victim's losses cannot be ascertained 10 days prior to the date of sentencing, the Court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing").

## IV.  CONCLUSION

For the reasons stated above, the Government respectfully asks the Court to impose the mandatory minimum sentence of 60 months, followed by a period of supervised release of at least five years.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700
Email: neeraj.patel@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on September 30, 2022, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                       */s/ Neeraj N. Patel*
                                       Neeraj N. Patel
                                       Assistant United States Attorney