UNITED STATES DISTRICT COURT
District of Connecticut

**JUDGMENT IN A CRIMINAL CASE**

UNITED STATES OF AMERICA

v.

**KEVIN CURLEY**

Case Number: **3:21-CR-00215-JBA(1)**

USM Number: 11862-509

**Neeraj Patel**
Assistant United States Attorney

**Kelly M. Barrett**
Defendant's Attorney

Defendant pled guilty to Count One of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| Title 18, United States Code, §§2252A(a)(2) and (b)(1) | Receipt of Child Pornography | 8/5/2020 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
Defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 60 months on Count One.

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than 12:00 p.m. on 11/30/2022 by his own arrangement and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshals Service by 12:00 p.m. on 11/30/2022 in New Haven, Connecticut if no extension of time has been granted for self-surrender.

**SUPERVISED RELEASE**
Upon release from imprisonment, Defendant shall be on Supervised Release for a total term of 5 years.

The Mandatory and Standard Conditions of Supervised Release / Probation as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant shall participate in a program recommended by the Probation Office and approved by the court for outpatient mental health treatment. The defendant shall receive a mental health evaluation, and if determined appropriate, he shall receive mental health treatment with an emphasis on sex offender treatment consistent with the evaluation. The defendant shall follow all rules and regulations of the program. The Probation Office in consultation with the treatment provider shall supervise the defendant's participation in the program. The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

(2) Upon completion of any sex offender treatment, the defendant must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of supervision following the completion of a sex offender treatment program. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office and approved by the court.

(3)   The defendant must not view, purchase, possess or access any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos or video games depicting what are described as child pornography as defined in 18 U.S.C., Section 2256(A), or otherwise contrary to the anti-pornography laws of the United States.

(4)   The defendant shall not have any direct contact with any child he knows or reasonably should know to be under the age of 18 without permission of the Probation Office, except for his own children, nieces and nephews, under supervision and with prior notification  to the Probation Office.

(5)   The defendant must provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills and credit card statements.

(6)   The defendant shall avoid, and is prohibited from being in any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the Probation Office.

(7)   The defendant must not associate or have contact with anyone he knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexualy explicit materials involving minors, except as part of any approved counseling program.

(8)   The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the Probation Office.

(9)   For the first twelve months of supervised release, the defendant shall submit his person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.  After the first twelve month period, absent any suggestion of a need to continue, this condition will lapse.

(10) The defendant shall submit all computers (as defined in 18 U.S.C. § 1030(e)(1), mobile phones, other electronic equipment, and other internet capable devices and related equipment (collectively "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  The defendant shall warn any other users of such items that the items may be subject to searches pursuant to this condition.

(11) The defendant shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C § 2256(A) and/or whether the defendant has been in contact with minors.  The defendant shall pay, all or a portion of the costs associated with such monitoring based upon his ability to pay, as determined by the U.S. Probation Office.  The defendant shall not download, install, or utilize any application software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web internet browsers.

(12) To ensure compliance with the preceding monitoring condition, the defendant must allow the U.S. Probation Office to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation.  The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition.  The defendant must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an internet/wi-fi connection.

(13) If the Probation Office determines that the defendant poses a risk to another person (including an organization), the Probation Office may, with the court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The Probation Office may contact the person or organization and confirm that the defendant has notified the person/organization about the risk.

(14) The defendant must consent to third-party disclosure to any employer or potential employer with the court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

(15) If restitution is ordered, the defendant must provide the Probation Office access to any requested financial information and authorize the release of any financial information.  The Probation Office may share financial information with the U.S. Attorney's Office.

Judgment in a Criminal Case                                      Judgment -- Page 3 of 5

**CRIMINAL MONETARY PENALTIES**
Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | | |
|---|---|---|
| **Special Assessment:** | $100.00 | To be paid to the Clerk of the Court immediately. |
| **Fine:** | $.00 | Waived |
| **Restitution:** | TBD | Restitution is ordered in an amount to be determined, to be paid at a rate of $200 per month or 10% of the defendant's gross income per month, whichever is greater.  Restitution hearing scheduled for 11/7/2022. |

It is further ordered that the Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed: Count 2 of the Indictment.

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
The Court recommends Defendant be designated to the Danbury facility to facilitate family visitation.

**October 7, 2022**
Date of Imposition of Judgment

 /s/ Janet Bond Arterton
Signature of Judge

**JANET BOND ARTERTON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**October 21, 2022**
Date

Judgment in a Criminal Case                                                                 Judgment -- Page 4 of 5

## CONDITIONS OF SUPERVISION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

1.  You shall not commit another federal, state or local crime.
2.  You shall not unlawfully possess a controlled substance.
3.  You shall refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*
6.  ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)   _____

         Defendant                                                           Date

        _____

         U.S. Probation Officer/Designated Witness                           Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
     Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____,
with a certified copy of this judgment.

_____
            Lawrence Bobnick
         Acting United States Marshal

By   _____
             Deputy Marshal